UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **GERARD CHIMNEY COMPANY** ) <br> 4607 Beck Avenue ) <br> St. Louis, MO 63116, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> **NEW RICHMOND DEVELOPMENT** ) <br> **CORPORATION LLC** ) <br> 17014 New College Avenue ) <br> Suite A ) <br> Grover, MO 63040, ) <br>  ) <br> and ) <br>  ) <br> **COMMERCIAL LIABILITY** ) <br> **PARTNERS LLC** ) <br> 2275 Cassens Drive ) <br> Suite 118 ) <br> St. Louis, MO 63026, ) <br>  ) <br> and ) <br>  ) <br> **DIG-MCM LLC** ) <br> 777 Woodward Avenue ) <br> Suite 300 ) <br> Detroit, MI 48226, ) <br>  ) <br> and ) <br>  ) <br> **MCM MANAGEMENT CORP.** ) <br> 35980 Woodward Avenue ) <br> Suite 210 ) <br> Bloomfield Hills, MI 48304, ) <br>  ) <br> and ) <br>  ) <br> **FEDERAL INSURANCE COMPANY** ) <br> 15 Mountain View Road ) <br> Warren, NJ 07059, ) <br>  ) <br> Defendants. ) | Case No. 1:20-cv-00883 <br><br> **Judge** <br><br><br><br><br><br><br><br><br><br><br> **COMPLAINT** |

Plaintiff Gerard Chimney Company ("Gerard"), by and through its attorneys, Keating Muething & Klekamp PLL and Butzel Long PC, for its Complaint against Defendant New Richmond Development Corporation LLC ("NRDC"), Defendant Commercial Liability Partners LLC ("CLP"), Defendant DIG-MCM LLC ("DIG-MCM"), Defendant MCM Management Corp. ("MCM"), and Defendant Federal Insurance Company ("FIC"), states as following:

## PARTIES, JURISDICTION, AND VENUE

1. Gerard is a duly organized and existing Missouri corporation that has its principal place of business located at 4607 Beck Avenue, St. Louis, Missouri 63116.

2. NRDC is, upon information and belief, a duly organized and existing Delaware limited liability company that has its principal place of business located at 17014 New College Avenue, Suite A, Grover, Missouri 63040, and whose members are all citizens of states other than Missouri.

3. CLP is, upon information and belief, a duly organized and existing Florida limited liability company that has its principal place of business located at 2275 Cassens Drive, Suite 118, St. Louis, Missouri 63026, and whose members are all citizens of states other than Missouri.

4. NRDC is, upon information and belief, a wholly owned subsidiary of CLP.

5. DIG-MCM is, upon information and belief, a duly organized and existing Michigan limited liability company that has its principal place of business located at 777 Woodward Avenue, Suite 300, Detroit, Michigan 48226, and whose members are all citizens of states other than Missouri.

6. MCM is, upon information and belief, a duly organized and existing Michigan corporation that has its principal place of business located at 35980 Woodward Avenue, Suite 210, Bloomfield Hills, Michigan 48304.

7.  FIC is, upon information and belief, a duly organized and existing Indiana corporation that has its principal place of business located at 15 Mountain View Road, Warren, New Jersey 07059.

8.  Jurisdiction is proper in this Court under 28 USC § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and Plaintiff and all Defendants are citizens of different states.

9.  Venue is proper in this Court under 28 USC § 1391 because a substantial part of the events giving rise to the claims in this action occurred in New Richmond, Ohio in Clermont County, Ohio.

## GENERAL ALLEGATIONS

10. On or around October 31, 2017, NRDC and/or CLP, as owner, and DIG-MCM and/or MCM, as contractor, entered into a contract (the "Construction Contract") for a project known as "Plant Demolition, W.C. Beckjord Power Station, Cincinnati, OH" (the "Project") [**Exhibit 1**].

11. The amount of the Construction Contract was $50,000,000.00 [**Exhibit 1**].

12. On or around January 10, 2018, DIG-MCM and/or MCM, as principal, and FIC, as surety, issued a payment bond (the "Bond") for the Project, whereby DIG-MCM and/or MCM and FIC, jointly and severally, agreed to pay for all labor, materials, and equipment furnished for use in the performance of the Construction Contract [**Exhibit 1**].[1]

13. The amount of the Bond was $50,000,000.00 [**Exhibit 1**].

---

[1] Duke Energy Beckjord LLC, The Dayton Power and Light Company, AEP Generation Resources Inc., and Duke Energy Ohio Inc. were added as additional obligees to the Bond per a rider to the Bond [**Exhibit 1**].

14. On or around February 3, 2020, Gerard and DIG-MCM and/or MCM entered into and executed a subcontract (the "Subcontract") for the Project, whereby Gerard agreed to dismantle and/or remove portions of four (4) smokestacks and/or chimneys at the Project site and furnish related labor, materials, and equipment to the Project (the dismantling and/or removing of portions of the smokestacks and/or chimneys and the furnishing of related labor, materials, and equipment shall hereinafter be referred to collectively as the "Work") [**Exhibit 2**].

15. The price of the Subcontract was $1,293,750.00 [**Exhibit 2**].

16. After Gerard and DIG-MCM and/or MCM entered into and executed the Subcontract, Gerard diligently proceeded with providing and performing the Work.

17. On or around March 16, 2020, Gerard and DIG-MCM and/or MCM executed a change order (the "Change Order") to remove flyash from two (2) of the four (4) smokestacks and/or chimneys that Gerard agreed to partially dismantle and/or remove pursuant to the Subcontract [**Exhibit 3**].

18. The price of the Change Order was $99,200.00, increasing the price for the Subcontract to $1,392,950.00 [**Exhibit 3**].

19. On or around May 29, 2020, DIG-MCM and/or MCM unjustifiably terminated the Subcontract [**Exhibit 4**].

20. To date, Gerard has furnished $848,813.00 in labor, materials, or equipment to the Project and/or for use in the performance of the Construction Contract.

21. To date, DIG-MCM and/or MCM has paid $0.00 to Gerard for the labor, materials, or equipment that Gerard furnished to the Project and/or for use in the performance of the Construction Contract, leaving a balance of $848,813.00 due and owing to Gerard for the labor,

materials, or equipment that Gerard furnished to the Project and/or for use in the performance of the Construction Contract.

22. Gerard first provided and performed the Work and/or furnished labor, materials, or equipment to the Project and/or for use in the performance of the Construction Contract on or around February 14, 2020.

23. Gerard last provided and performed the Work and/or furnished labor, materials, or equipment to the Project and/or for use in the performance of the Construction Contract on or around April 30, 2020.[2]

24. A total of $848,813.00, plus accruing interest and other fees and costs, is due and owing to Gerard for the Work that it provided and performed and/or the labor, materials, or equipment that it furnished to the Project and/or for use in the performance of the Construction Contract.

25. Gerard has invoiced DIG-MCM and/or MCM for the Work that it provided and performed and/or the labor, materials, or equipment that it furnished to and in connection with the Project and/or for use in the performance of the Construction Contract [**Exhibit 5**].

26. On or around May 29, 2020, Gerard notified DIG-MCM and/or MCM, as well as NRDC and/or CLP, that it has not been fully paid for the Work that it provided and performed and/or the labor, materials, or equipment that it furnished to and in connection with the Project and/or for use in the performance of the Construction Contract [**Exhibit 6**].

27. Despite Gerard notifying DIG-MCM and/or MCM that it has not been fully paid for the Work that it provided and performed and/or the labor, materials, or equipment that it

---

[2] Additionally, on or around July 8, 2020 and July 9, 2020, Gerard Chimney Company removed equipment and demobilized from the Project site.

furnished to and in connection with the Project and/or for use in the performance of the Construction Contract, DIG-MCM and/or MCM has failed or refused to fully pay the $848,813.00, plus accruing interest and other fees and costs, due and owing to Gerard for the Work that it provided and performed and/or the labor, materials, or equipment that it furnished to and in connection with the Project and/or for use in the performance of the Construction Contract.

28. Since DIG-MCM and/or MCM has failed or refused to fully pay the $848,813.00, plus accruing interest and other fees and costs, due and owing to Gerard for the Work that it provided and performed and/or the labor, materials, or equipment that it furnished to and in connection with the Project and/or for use in the performance of the Construction Contract, Gerard sent a Claim (the "Claim") on the Bond to FIC on or around May 27, 2020 [**Exhibit 7**].

29. On or around June 10, 2020, FIC acknowledged receipt of the Claim and requested that Gerard submit a Proof of Claim [**Exhibit 8**].

30. On July 14, 2020, Gerard further notified DIG-MCM and/or MCM, as well as NRDC and/or CLP, that it had not been fully paid for the Work that it provided and performed and/or the labor, materials, or equipment that it furnished to and in connection with the Project and/or for use in the performance of the Construction Contract [**Exhibit 9**].

31. Gerard supplemented the Claim on or around July 14, 2020 [**Exhibit 9**].

32. Gerard submitted a Proof of Claim (the "Proof of Claim") on the Bond to FIC on or around August 12, 2020 [**Exhibit 10**].

33. On or around September 4, 2020, FIC denied the Claim and otherwise failed or refused to pay the $848,813.00, plus accruing interest and other fees and costs, due and owing to Gerard for the Work that it provided and performed and/or the labor, materials, or equipment that

6

it furnished to and in connection the Project and/or for use in the performance of the Construction Contract [**Exhibit 11**].

34. On or around September 4, 2020, Gerard supplemented the Claim and the Proof of Claim [**Exhibit 12**].

35. On or around September 8, 2020, FIC further denied the Claim and otherwise failed or refused to pay the $848,813.00, plus accruing interest and other fees and costs, due and owing to Gerard for the Work that it provided and performed and/or the labor, materials, or equipment that it furnished to and in connection the Project and/or for use in the performance of the Construction Contract [**Exhibit 13**].

## COUNT I
## ACTION ON BOND

36. Gerard incorporates each and every allegation of this Complaint as though the same were fully set forth herein.

37. On or around January 10, 2018, DIG-MCM and/or MCM and FIC issued the Bond, whereby DIG-MCM and/or MCM and FIC, jointly and severally, agreed to pay for all labor, materials, and equipment furnished for use in the performance of the Construction Contract.

38. To date, Gerard has furnished $848,813.00 in labor, materials, or equipment to the Project and/or for use in the performance of the Construction Contract.

39. To date, Gerard is owed $848,813.00, plus accruing interest and other fees and costs, for the labor, materials, or equipment to the Project and/or for use in the performance of the Construction Contract.

40. All conditions precedent for commencing and maintaining this action against the Bond have occurred and/or been satisfied.

41. Gerard is a proper "Claimant" under the terms of the Bond because it is, as defined by the terms of Bond, in particular, Section 16.1 of the Bond, "an individual or entity having a direct contract with the Contractor, or with a subcontractor of the Contractor to furnish labor, materials, and equipment for use in the performance of the Construction Contract."

42. Section 5 of the Bond provides:

§ 5 The Surety's obligations to a Claimant under this Bond shall arise after the following:

§ 5.1 Claimants, who do not have a direct contract with the Contractor,

1. have furnished a written notice of non-payment to the Contractor, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were, or equipment was, furnished or supplied or for whom the labor was done or performed, within ninety (90) days after having last performed labor or last furnished materials or equipment included in the Claim; and
2. have sent a Claim to the Surety (at the address described in Section 13).

§ 5.2 Claimants, who are employed by or have a direct contract with the Contractor, have sent a Claim to the Surety (at the address described in Section 13).

43. Gerard first furnished labor, materials, or equipment to the Project and/or for use in the performance of the Construction Contract on or around February 14, 2020.

44. Gerard last furnished labor, materials, or equipment to the Project and/or for use in the performance of the Construction Contract on or around April 30, 2020.

45. On or around May 29, 2020, Gerard notified DIG-MCM and/or MCM, as well as NRDC and/or CLP, that it had not been fully paid for the labor, materials, or equipment that it furnished to and in connection with the Project and/or for use in the performance of the Construction Contract [**Exhibit 6**].

46. On or around July 14, 2020, Gerard further notified DIG-MCM and/or MCM, as well as NRDC and/or CLP, that it had not been fully paid for the labor, materials, or equipment

that it furnished to and in connection with the Project and/or for use in the performance of the Construction Contract [**Exhibit 9**].

47. Gerard timely and properly provided written notice of non-payment to the Contractor in accordance with the terms of the Bond.

48. Gerard sent the Claim to FIC on or around May 27, 2020 [**Exhibit 7**].

49. Gerard supplemented the Claim on or around July 14, 2020 [**Exhibit 9**].

50. Gerard timely and properly sent the Claim to the FIC in accordance with the terms of the Bond.

51. Section 12 of the Bond provides:

§ 12 No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in the state in which the project that is the subject of the Construction Contract is located or after the expiration of one year from the date (1) on which the Claimant sent a Claim to the Surety pursuant to Section 5.1.2 or 5.2, or (2) on which the last labor or service was performed by anyone or the last materials or equipment were furnished by anyone under the Construction Contract, whichever of (1) or (2) first occurs. If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

52. Less than one (1) year has passed since Gerard sent the Claim to FIC on or around May 27, 2020 [**Exhibit 7**].

53. Less than one (1) year has passed since Gerard supplemented the Claim on or around July 14, 2020 [**Exhibit 9**].

54. To date, labor or service continues to be performed and materials or equipment continue to be furnished under the Construction Contract and/or to the Project.

55. Gerard has timely and properly commenced this action in accordance with the terms of the Bond.

56. Gerard is currently owed $848,813.00, plus accruing interest and other fees and costs, including attorney's fees and costs as expressly permitted under the terms of the Bond, for the Work that it furnished to and in connection with the Project and/or for use in the performance of the Construction Contract.

57. Gerard is entitled to full payment of the $848,813.00, plus accruing interest and other fees and costs, including reasonable attorney's fees as expressly permitted under the terms of the Bond, owed to Gerard for the Work that it furnished to and in connection with the Project and/or for use in the performance of the Construction Contract.

58. DIG-MCM and/or MCM and FIC, jointly and severally, are liable to Gerard for full payment of the $848,813.00, plus accruing interest and other fees and costs, including reasonable attorney's fees as expressly permitted under the terms of the Bond, owed to Gerard for the Work that it furnished to and in connection with the Project and/or for use in the performance of the Construction Contract.

WHEREFORE, Gerard respectfully requests that this Court enter a judgment in its favor and against DIG-MCM and/or MCM and FIC, jointly and severally, in the amount of $848,813.00, plus accruing interest and other fees and costs, including reasonable attorney's fees as expressly permitted under the terms of the Bond, and any other relief that this Court deems appropriate under the circumstances, including, but not limited to, awarding damages, interest, fees, and costs as permitted under applicable law and/or the terms of the Bond.

## COUNT II
## BREACH OF CONTRACT

59. Gerard incorporates each and every allegation of this Complaint as though the same were fully set forth herein.

60. Pursuant to the Subcontract, Gerard furnished labor, materials, and equipment to and in connection with the Project and/or for use in the performance of the Construction Contract.

61. Gerard has fully complied with all of its obligations under the Subcontract.

62. DIG-MCM and/or MCM has breached the Subcontract by failing or refusing to fully pay Gerard for the labor, materials, and equipment that Gerard furnished to and in connection with the Project and/or for use in the performance of the Construction Contract.

63. As a result of DIG-MCM's and/or MCM's breach of the Subcontract, Gerard has been harmed or damaged in the amount of $848,813.00, plus accruing interest and other fees and costs.

WHEREFORE, Gerard respectfully requests that this Court enter a judgment in its favor and against DIG-MCM and/or MCM in the amount $848,813.00, plus accruing interest and other fees and costs, including reasonable attorney's fees, and any other relief that this Court deems appropriate under the circumstances, including, but not limited to, awarding damages, interest, fees, and costs as permitted under applicable law.

## COUNT III
## ACCOUNT STATED/OPEN ACCOUNT

64. Gerard incorporates each and every allegation of this Complaint as though the same were fully set forth herein.

65. As of November 2, 2020, DIG-MCM and/or MCM is indebted to Gerard in the amount of $848,813.00, plus accruing interest and other fees and costs.

66. Attached as **Exhibit 14** is the Affidavit of John H. Maddock that verifies the amount due and owing to Gerard for the labor, materials, and equipment that Gerard furnished to and in connection with the Project and/or for use in the performance of the Construction Contract.

67. Gerard has demanded payment from DIG-MCM and/or MCM of the amount due and owing to Gerard for the labor, materials, and equipment that Gerard furnished to and in connection with the Project and/or for use in the performance of the Construction Contract.

68. Despite demand for payment from DIG-MCM and/or MCM of the amount due and owing to Gerard for the labor, materials, and equipment that Gerard furnished to and in connection with the Project and/or for use in the performance of the Construction Contract, DIG-MCM and/or MCM has failed or refused to fully pay the amount due and owing to Gerard for the labor, materials, and equipment that Gerard furnished to and in connection with the Project and/or for use in the performance of the Construction Contract.

69. As a result of DIG-MCM's and/or MCM's failure or refusal to pay the amount due and owing to Gerard for the labor, materials, and equipment that Gerard furnished to and in connection with the Project and/or for use in the performance of the Construction Contract, Gerard has been harmed or damaged in the amount of $848,813.00, plus accruing interest and other fees and costs.

WHEREFORE, Gerard respectfully requests that this Court enter a judgment in its favor and against DIG-MCM and/or MCM in the amount $848,813.00, plus accruing interest and other fees and costs, including reasonable attorney's fees, and any other relief that this Court deems appropriate under the circumstances, including, but not limited to, awarding damages, interest, fees, and costs as permitted under applicable law.

## COUNT III
## UNJUST ENRICHMENT/QUANTUM MERUIT

70. Gerard incorporates each and every allegation of this Complaint as though the same were fully set forth herein.

71. NRDC and/or CLP and DIG-MCM and/or MCM have benefitted from receiving the labor, materials, and equipment that Gerard furnished to and in connection with the Project and/or for use in the performance of the Construction Contract.

72. As of November 2, 2020, Gerard is owed $848,813.00, plus accruing interest and other fees and costs, the labor, materials, and equipment that Gerard furnished to and in connection with the Project and/or for use in the performance of the Construction Contract.

73. NRDC and/or CLP and DIG-MCM and/or MCM will be unjustly enriched to Gerard's detriment if they are permitted to retain the benefits conferred upon them by Gerard without fully paying Gerard for the labor, materials, and equipment that Gerard furnished to and in connection with the Project and/or for use in the performance of the Construction Contract.

WHEREFORE, Gerard respectfully requests that this Court enter a judgment in its favor and against NRDC and/or CLP and DIG-MCM and/or MCM, jointly and severally, in the amount $848,813.00, plus accruing interest and other fees and costs, including reasonable attorney's fees, and any other relief that this Court deems appropriate under the circumstances, including, but not limited to, awarding damages, interest, fees, and costs as permitted under applicable law.

Respectfully submitted,

**KEATING MUETHING & KLEKAMP PLL**

By: */s/ Steven C. Coffaro*
　　Steven C. Coffaro (0065116)
　　1 E. 4th Street, Suite 1400
　　Cincinnati, OH 45202
　　Tel. (513) 579-6489
　　Fax: (513) 579-6457
　　steve.coffaro@kmklaw.com
　　Attorneys for Plaintiff Gerard Chimney Company

**BUTZEL LONG PC**

By: _/s/ Michael C. Decker_
Michael C. Decker (*pro hac vice motion pending*)
150 W. Jefferson Avenue, Suite 100
Detroit, MI 48226
Tel. (313) 225-7000
Fax: (313) 225-7080
decker@butzel.com
Attorneys for Plaintiff Gerard Chimney Company

Dated: November 4, 2020

10372806.1